UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| ANTONIO LEE, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | No. 3:06cv0237 AS |
| | ) | |
| WILLIAM WILSON, | ) | |
| | ) | |
| Respondent | ) | |

*MEMORANDUM, OPINION AND ORDER*

On or about April 6, 2006, *pro se* petitioner, Antonio Lee, an inmate at the Westville Correctional Facility (WCF) in Westville, Indiana, filed a petition seeking relief under 28 U.S.C. §2254. The Response filed on behalf of the respondent by the Attorney General of Indiana on December 4, 2006, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982).

The petitioner is a convicted felon serving a sentence imposed by a court in the State of Indiana. At the time of the filing of this petition he was incarcerated in the WCF in this district. He was the subject of a prisoner disciplinary proceeding under number WCC 05-12-0279 which involved theongoing perocess of the Indiana Department of Corrections to have and maintain tobacco-free institutions.

This particular disciplinary proceeding involved a charge of possession of tobacco which was found to be the case. The sanction included an earned credit time deprivation of

180 days and a demotion from credit class I to II which implicates *Wolff v. McDonnell*, 418 U.S. 539 (1974). There were sanctions of six months disciplinary segregation and a loss of phone privileges for 90 days. The latter two sanctions do not implicate a liberty interest. *See Sandin v. Conner*, 515 U.S. 472 (1995). There has been compliance here with the procedural demands of *Wolff*, and the evidence here is sufficient under *Superintendent, Mass. Corr. Institution at Walpole v. Hill*, 472 U.S. 445 (1985), and under the "some evidence" test applicable in this circuit. *See Webb v. Anderson*, 224 F.3d 649 (7th Cir.), *cert. denied*, 531 U.S. 999 (2000), *McPherson v. McBride*, 188 F.3d 784 (7th Cir. 1999), and *Meeks v. McBride,* 81 F.3d 717 (7th Cir. 1996).

This pro se prisoner petitioner raises an issue with regard to possession in his cell. Of some moment is the decision of *Hamilton v. O'Leary*, 976 F.2d 341 (7th Cir. 1992) which involved possession of one of four inmates sharing a cell. It would probably be too glib to state that a one-in-four chance is "some evidence." The evidence appears to go beyond that simplistic formula. This petitioner certainly had the opportunity to secure possession of the tobacco in question, so the evidence does in fact go beyond a one-in-four opportunity. This court does not bottom any decision here on harmless error.

When it is all said and done, the petitioner failed to demonstrate the violation of a right protected by the Constitution of the United States. It is elementary that there must be a violation of the Constitution, treaties or laws of the United States. *See Bell v. Duckworth*, 861 F.2d 169 (7th Cir. 1988), *cert. den.*, 489 U.S. 1088 (1989). The focus is not on

violations of state law.  *See Estelle v. McGuire*, 502 U.S. 62 (1991).

When the necessary sorting has been done here, this petitioner has simply failed to establish a basis for relief under 28 U.S.C. §2254.  Such relief is now **DENIED.  IT IS SO ORDERED**.

**DATED:**  January 11, 2007

                              **S/ ALLEN SHARP**
                              **ALLEN SHARP, JUDGE**
                              **UNITED STATES DISTRICT COURT**